Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| THE MARBELLA CLUB representado por NELSON GARCÍA **Recurrida** V. PAULA LÓPEZ **Peticionaria** | KLCE202401210 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Humacao Caso Núm: HUL1402024-03072 Sobre: Ley 140 |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

El 4 de noviembre de 2024, la Sra. Paula López (señora López o peticionaria) compareció ante nos mediate un recurso de *Certiorari* y solicitó la revisión de una *Orden* que se emitió el 2 de octubre de 2024 y se notificó el 3 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Municipal de Humacao (TPI). Mediante el aludido dictamen, el TPI en lo pertinente, declaró No Ha Lugar la solicitud de reconsideración que presentó la señora López. Además, le ordenó a esta última a que cumpliera con la *Orden* que se dictó el 20 de agosto de 2024 so pena de multa de $300.00 dólares por cada día de incumplimiento.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 4 de agosto de 2024, el Sr. Nelson García (señor García) en representación de *The Marbella Club* (el Condominio) presentó la querella núm. HUL1402024-03072 al amparo de la Ley Núm. 140 de 23 de julio de 1974, según enmendada, también conocida como *Ley Sobre Controversias y Estados Provisionales de Derecho,* 32

Número Identificador

RES2024 _____

LPRA sec. 2871 *et seq.* en contra de la señora López.[1] En esta indicó que por varios meses la comunidad de Marbella ubicada en Palmas del Mar tenía un problema de abejas por lo que contrataron los servicios de un apicultor para que eliminara un sin número de colmenas de abejas. Sin embargo, alegó que la peticionaria se había negado a que el apicultor entrara a su unidad para remover dos colmenas de abejas que había en su balcón. Expresó que varios titulares que residían en el mismo edificio de la peticionaria habían presentado quejas ya que las abejas se estaban empezando a entrar a sus unidades. Así pues, le solicitó al TPI a que les concedieran un orden para poder entrar a la unidad de la señora López y remover las colmenas.

Posteriormente, el 20 de agosto de 2024, la señora López presentó una *Solicitud de Desestimación* [...].[2] En primer lugar, argumentó que el TPI no tenía jurisdicción para atender la presente controversia ya que no se había incluido como parte co-querellada a la Sra. Loyda Rivera Pérez, co-titular de su unidad. A pesar de ello, admitió que se encontraban unas abejas en su balcón, pero que no se negó a que las removieran. Expresó que estaba de acuerdo con que se realizara dicha remoción, pero que exigía que dicha labor fuese realizada por un profesional debidamente certificado. Además, planteo que el Condominio debía atender la infestación de murciélagos que había en su edificio.

Luego de haberse celebrado una vista en la cual participó el Departamento de Recursos Naturales y Ambientales, el 20 de agosto de 2024 el TPI emitió una bien fundamentada *Resolución* que se notificó el 21 de agosto de 2024.[3] En esta, el TPI relató que, en la vista celebrada, las partes informaron que habían alcanzado unos

---

[1] Véase, pág. 1 del apéndice del recurso.
[2] Íd., págs. 4-6.
[3] Íd., págs. 9-13.

acuerdos que disponían de la controversia parcialmente. Puntualizó que, el Departamento de Recursos Naturales y Ambientales identificó a un instructor de control y manejo de abejas, remoción y reubicación de enjambres de abejas que era certificado por el Departamento de Agricultura. Por esta razón, indicó que la controversia quedó reducida a delimitar y coordinar los trabajos, así como las medidas cautelares a tomarse. Así pues, atendidos los planteamientos de las partes y del Departamento de Recursos Naturales y Ambientales, así como la prueba documental presentada y el derecho aplicable, el TPI resolvió lo siguiente:

1. La querellada, Paula López, brindará acceso a la propiedad que ocupa en el complejo de vivienda The Marbella Club el viernes, 23 de agosto de 2024 a las 9:30am. Se autoriza la entrada a la unidad del apicultor, del administrador del complejo y de un oficial de seguridad.

2. Una vez se haga entrada a la unidad de vivienda la querellada se retirará y no podrá estar presente hasta tanto se le notifique que el proceso fue culminado.

3. Se autoriza la grabación del procedimiento de remoción de abejas advirtiéndose que no podrá tomarse videos o fotografías de otras partes de la unidad. El tiro de la cámara estará dirigido en todo momento hacia el apicultor.

4. El apicultor y la parte querellante tomarán todas las medidas de seguridad correspondientes durante el manejo por el apicultor. Se encapsulará el área donde se llevará a cabo el proceso para evitar que se dispersen residuos u partículas.

5. El apicultor medirá la calidad de aire antes y después de los trabajos.

6. El apicultor y la parte querellante se asegurarán de llevar a cabo una estricta limpieza del área utilizada una vez culminen los trabajos.

7. Una vez culminados los trabajos, la querellada podrá realizar trabajos de limpieza adicional a su costo.

8. Con posterioridad y en o antes de las siguientes veinticuatro (24) horas de haberse concluido los trabajos de remoción de abejas, la parte querellante llevará a cabo las labores para la remoción de los murciélagos para lo cual, no se requiere la entrada a la unidad. Los trabajos se realizarán de madrugada conforme requiere dicho proceso.

9. Se prohíbe a las partes llevar a cabo adiciones para obstaculizar las labores o interferir entre sí.

10. Cualquier alegación de incumplimiento deberá ventilarse en el Tribunal, y la parte que lo alegue deberá contar con prueba robusta que sustente sus alegaciones.

Por último, aclaró que dicho dictamen establecía un estado provisional del derecho que tendría vigencia inmediata y hasta la culminación de los trabajos el 24 de agosto de 2024. Además, advirtió que cualquiera de las partes que violara alguno de los términos dispuestos en esta *Resolución*, incurriría en desacato civil sujeta a pena de cárcel máxima de seis (6) meses o una multa no mayor de $500 o ambas penas a discreción del TPI. Puntualizó que sería estricto con la imposición de penas en caso de quedar probado un incumplimiento.

Así las cosas, el 26 de agosto de 2024, la señora López presentó una *Moción Informativa y Solicitud de Desacato*.[4] Manifestó que, iniciadas las labores en su apartamento, el Condominio se presentó con un detector de humo y monóxido de carbono que, según ellos, monitoreaba la calidad de aire. Particularmente sostuvo que, dicho detector de humo se instaló el mismo 23 de agosto de 2024 en una toma de energía directa de su techo para realizar las pruebas de calidad de aire ofrecidas y ordenadas. A pesar de ello, indicó que el apicultor desconocía como producir una prueba de calidad de aire que la certificara antes y después de realizar las labores. Así pues, argumentó que lo anterior constituía una violación a la *Resolución* que se notificó el 21 de agosto de 2024. Por los motivos antes expuestos, le solicitó al TPI a que declarara incurso en desacato al Condominio y ordenara la realización adecuada de la mediación de la calidad del aire en su unidad antes y después de que el apicultor realizara sus labores.

---

[4] Íd., págs. 14-15.

En respuesta, el 27 de agosto de 2024, el Condominio presentó una *Réplica a Moción de la Parte Querellada Solicitando Desacato* [...].[5] Indicó que el detector que utilizó además de medir humo y monóxido de carbono medía la calidad del aire. Para sustentar su posición presentó fotos del empaque del monitor. Además, sostuvo que en la *Resolución* que se notificó el 21 de agosto de 2024, el TPI ordenó a que el apicultor midiera la calidad del aire antes y después del trabajo realizo, pero en ningún momento especificó el tipo de monitor que se tenía que utilizar. Puntualizó que paralizar el trabajo por esta razón constituía un acto contrario a lo ordenado. A tales efectos, le solicitó al TPI a que encontrara incursa en desacato a la señora López.

Evaluadas las posturas de ambas partes, el 9 de septiembre de 2024, el TPI emitió una *Orden* que se notificó el 12 de septiembre de 2024 declarando No Ha Lugar la solicitud de desacato que presentó la peticionaria.[6] Además, le ordenó a la señora López a cumplir con la *Resolución* que se dictó el 20 de agosto de 2024 y se notificó el 21 de agosto de 2024 so pena de sanciones económicas y/o pena de cárcel por desacato civil. En desacuerdo con esta determinación, el 27 de septiembre de 2024, la señora López presentó una solicitud de reconsideración mediante la cual reiteró los argumentos que presentó en su solicitud de desacato.[7] Atendida la solicitud, el 2 de octubre de 2024, el TPI emitió una *Orden* que se notificó el 3 de octubre de 2024, mediante la cual, en lo pertinente, declaró No Ha Lugar la solicitud de reconsideración que presentó la señora López.[8] Además, le ordenó nuevamente a que cumpliera con la Orden del Tribunal so pena de multa de $300.00 dólares por cada día de incumplimiento.

---

[5] Íd., págs. 18-20.
[6] Íd., pág. 40.
[7] Íd., págs. 41-44.
[8] Íd., pág. 57.

Aún inconforme, el 4 de noviembre de 2024, la peticionaria presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el TPI al conceder una Resolución sin jurisdicción en el caso de autos el 20 de agosto de 2024, notificada el 21 agosto de 2024 resultando esta nula, así como el resto de las determinaciones relacionadas a la misma.**
>
> **Erró el TPI al decretar "No Ha Lugar" la Moción de Desacato presentada por la Sra. López a pesar de que el condominio incumplió con las representaciones hechas ante si durante la vista del 20 de agosto de 2024.**
>
> **Erró el TPI al decretar No Ha Lugar la Moción de Reconsideración de la Sra. López desatendiendo su propia Orden y representaciones del condominio hechas ante si durante la vista del 20 de agosto de 2024.**

Cabe precisar que, junto al recurso de epígrafe, la señora López presentó una solicitud de auxilio de jurisdicción solicitándonos a que paralizáramos la Orden que el TPI dictó el 2 de octubre de 2024 y notificó el 3 de octubre de 2024 ordenándole a la señora López a cumplir con la *Resolución* que se notificó el 21 de agosto de 2024 so pena de imponerle una multa de $300.00 por cada día de incumplimiento. Atendida la solicitud de auxilio de jurisdicción, emitimos una *Resolución* ordenando la paralización de la Orden que se notificó el 3 de octubre de 2024.

Por otro lado, le concedimos a la parte recurrida hasta el 2 de diciembre de 2024 para presentar su postura en cuanto al recurso. Vencido el término para ello, la parte recurrida no presentó su respuesta a los recursos de epígrafe. Por consiguiente, declaramos perfeccionado los recursos y estando en posición de resolver, procedemos a así hacerlo.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v.*

*Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de

un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, s*upra*, es determinante por sí solo para el ejercicio de jurisdicción, y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra. La norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro

deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones